J-S27045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL E. DUNST, | |
| Appellant | No. 2908 EDA 2016 |

Appeal from the PCRA Order August 16, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0002803-1995

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 12, 2017**

Appellant, Darryl E. Dunst, appeals, *pro se*, from the order of August 16, 2016, dismissing, without a hearing, his second counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from this Court's April 7, 1999 memorandum and our independent review of the certified record.

> On May 14, 1996[,] Appellant [pleaded] guilty to criminal homicide regarding the September 12, 1995 shooting death of Dennis Keith Leslie[,] and attempted criminal homicide regarding

_____

[*] Retired Senior Judge assigned to the Superior Court.

the September 12, 1995 shooting of Donna Kremsner. Under the terms of the plea bargain four other counts were *nol prossed* and the trial court was to conduct a degree of guilt hearing to determine the classification and grade of the homicide. After the May 14-16, 1996 degree of guilt hearing . . . Appellant was found guilty of first-degree murder in the killing of Dennis Leslie. On June 21, 1996[,] Appellant was sentenced to life imprisonment for the first-degree murder of Mr. Leslie, and a consecutive [sentence of not less than ten nor more than twenty years] of imprisonment for the attempted murder of Ms. Kremsner. [Appellant did not file a direct appeal.]

On May 12, 1997[,] Appellant filed a *pro se* PCRA petition. On May 1[5], 1997[,] [the PCRA court] appointed the Lehigh County Public Defender's office to represent Appellant and recommended that an amended PCRA petition be filed. On June 25, 1997[,] [PCRA] counsel filed an amended [] petition. A PCRA hearing was held on December 22, 1997[,] and on June 25, 1998[,] the [PCRA] court denied the [] petition.

(**Commonwealth v. Dunst**, No. 2390 Philadelphia 1998, unpublished memorandum at 1-2 (Pa. Super. filed Apr. 7, 1999)) (footnote omitted). On April 7, 1999, this Court affirmed the denial of Appellant's PCRA petition. Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On February 23, 2016, Appellant, acting *pro se*, filed the instant PCRA petition seeking to vacate his sentence pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The PCRA court appointed counsel on February 26, 2016. On April 26, 2016, PCRA counsel submitted a **Turner/Finley**[1] letter.

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On June 22, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1), and granted PCRA counsel's request to withdraw. Appellant filed a response on July 7, 2016. On August 16, 2016, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[2]

On appeal, Appellant raises the following question for our review:

1. Whether the [PCRA c]ourt erred in finding [Appellant's] PCRA [petition] was untimely where the United States Supreme Court in *Montgomery v. Louisiana*[, 136 S. Ct. 718 (2016)] held that any cases out of their Court that were substantive in nature were retroactively applicable to all the [s]tates and in so doing caused [*Alleyne*] to become retroactively applicable to [Appellant?]

(Appellant's Brief, at vii).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Nonetheless, Appellant filed one on August 26, 2016, together with his notice of appeal. *See id.* On October 24, 2016, the PCRA court filed an opinion. *See* Pa.R.A.P. 1925(a).

trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on February 23, 2016. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence as to these matters became final on July 23, 1996, thirty days after the judgment of sentence was entered and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant did not file his current petition until February 23, 2016, the petition is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. ***See id.***

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In the instant matter, Appellant appears to contend that his petition is timely under Section 9545(b)(1)(iii), specifically that the United States Supreme Court's decision in *Alleyne*, *supra* renders his sentence illegal. (*See* Appellant's Brief, at 1-4). While Appellant acknowledges that our Court has not applied *Alleyne* retroactively to cases on collateral review, he contends that the U.S. Supreme Court's decision in *Montgomery*, *supra* mandates that we do so. (*See id.*). We disagree.

Initially, we note that the fact that Appellant challenges the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 223 (citation omitted). Thus, Appellant cannot

elude the PCRA's timeliness requirements based on a claim of an illegal sentence. *See id.*

Moreover, "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) (citation omitted). Neither Court has held that *Alleyne* is applied retroactively. Further, in a decision that post-dates *Montgomery*,[3] our Supreme Court has unequivocally held that *Alleyne* does not apply retroactively to cases pending on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Here, Appellant was sentenced in 1996. His judgment of sentence became final in 1996. Thus, this matter is clearly on collateral review, and his PCRA petition is facially untimely. Because *Alleyne* does not apply retroactively to cases on collateral review, it cannot afford Appellant relief. *See Washington*, *supra* at 820; *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

_____

[3] Appellant does not point to any cases that have held that the decision in *Montgomery* renders *Alleyne* retroactive to cases on collateral review. (*See* Appellant's Brief, at 1-4).

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying. ***See Hutchins***, ***supra*** at 53. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017